UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

BUDINGER WINDMILL TRUST,            Case No.: 6:13-bk-09907-KSJ
                                                                      Chapter 11

       Debtor.
_____/

**ORDER CONDITIONALLY GRANTING DEBTOR'S MOTION
TO DETERMINE ADEQUATE ASSURANCE FOR PAYMENT OF
UTILITY SERVICES, OR, IN THE ALTERNATIVE, ESTABLISHING
THE PROCEDURE FOR DETERMINING ADEQUATE ASSURANCE**

> **Any interested party who fails to file and serve a written objection to the motion (as conditionally approved by this order) within 30 days after service of the entered order, shall be deemed to have consented to the provisions of this Order.**

This case came on for hearing on September 4, 2013, to consider the Debtor's Motion to Determine Adequate Assurance for payment of Utility Services, or, in the Alternative, Establishing the Procedure for Determining Adequate Assurance (the "Motion") (Doc. No. 13).  For the reasons stated in Court, it is

ORDERED:

1.      The Motion (Doc. No. 13) is granted.

2.      The Debtor receives service from the utility providers as follows (the "Utilities"):

| Utility Provider | Type of Service | Amount Owed | Average Monthly Bill | Deposit |
|---|---|---|---|---|
| Orlando Utilities Commission | Electricity/Water | $135.02 | $135.00 | $260.00 |
| Kissimmee Utility Authority | Electricity | $31.89 | $32.00 | $100.00 |
| Kissimmee Utility Authority | Electricity | $189.09 | $190.00 | $420.00 |

      3.      The Debtor's proposal to provide adequate assurance of payment to the Utility Providers, as set forth in the Motion, satisfies 11 U. S. C. §366 and is approved as follows:

      a.      <u>Current Payment</u>.  Debtor shall pay for all postpetition utility services provided after the Petition Date, pursuant to the undisputed terms of the billing statements generated by the Utilities in the ordinary course of business (i.e., no short or special billing cycles that vary from those utilized pre-petition);

      b.      <u>Deposits</u>.

      i.      **Orlando Utilities Commission**.  The Debtor shall pay the current bill of $135.02 and the Debtor shall keep in place the security deposit in the amount of $260.00;

      ii.      **Kissimmee Utility Authority**.  The Debtor shall pay the current bill of $31.89.  No later than ten (10) days from the date of this Order, the Debtor shall pay Kissimmee Utility Authorities the sum of $100.00 as a security deposit; and

iii. **Kissimmee Utility Authority**. The Debtor shall pay the current bill of $189.09. No later than ten (10) days from the date of this Order, the Debtor shall pay Kissimmee Utility Authorities the sum of $420.00 as a security deposit.

c. Default. If Debtor fails to timely pay any postpetition bill or pay the security deposit required above and does not cure such failure within ten (10) days following written notice from the Utility, then Debtor shall be in default as to such Utility. If Debtor is in default, then the Utility that asserts the default: (i) shall have an administrative expense priority for any unpaid utility service after the Petition Date; (ii) may terminate the utility service in accordance with applicable non-bankruptcy law; and (iii) setoff any deposit against Debtor's obligation for utility service after the Petition Date.

d. Utility Service. If Debtor is not in default, then the Utilities shall continue to provide utility services to the Debtor.

Done and ORDERED on September 13, 2013.

_____
KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Attorney, Kenneth D. (Chip) Herron, Jr., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order.