UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                Case No. 6:13-bk-09907-KSJ

BUDINGER WINDMILL TRUST,

      Debtor.

_____/

**PNC BANK, NATIONAL ASSOCIATION'S OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO EQUITY AUCTION AND FUNDING AGREEMENT ATTACHED TO DEBTOR'S PLAN**

COMES NOW, PNC BANK, NATIONAL ASSOCIATION, successor to RBC Bank (USA) ("PNC"), a creditor and party-in-interest in the above bankruptcy case, hereby objects and reserves its rights with respect to the equity auction proposed in the Debtor's Funding Agreement attached to the Plan of Reorganization, Dated 10/16/13 (the "Plan"):

1.      On October 17, 2013, the Debtor filed its Plan and Disclosure Statement with respect to same.  (Docket Nos. 55 and 56).  Attached to the Plan is a "Funding Agreement."  The Funding Agreement is by and between the Debtor and two (2) "investors", Randy Sheive and Rebecca Sheive.  Randy Sheive is the current manager of the Budinger Windmill, LLC, the purported trustee of the Debtor, and Rebecca Sheive is his wife.  As a result, Randy and Rebecca Sheive are insiders of the Debtor.

2.      Pursuant to the Funding Agreement, the Debtor is seeking to auction the equity interests in an entity ("Budinger Windmill Trust, LLC") which, under the Plan, is to be formed after Plan confirmation.  Section 8(a) of the Funding Agreement requires that to qualify as a bidder, an initial deposit must be made within fourteen (14) days after an Order is entered scheduling the confirmation hearing.  The Court entered its Order Conditionally Approving Disclosure Statement, Scheduling Hearing on Disclosure Statement, and Confirmation of Plan of

Reorganization, Fixing Time for Filing Fee and Other Administrative Expense Application, and Fixing Time for Filing Acceptances and Rejections of Plan (the "Scheduling Order") on October 18, 2013.  As a result, under the Funding Agreement, initial deposits are required by November 1, 2013.

3.      In addition, Section 9 of the Funding Agreement requires that an auction be conducted one (1) week prior to the confirmation hearing and that "Qualified Bidders shall be bound by the terms of this Agreement and shall have the rights and obligations of the Investor [i.e., the Sheives] under this Agreement."  Among the terms of the Funding Agreement are the requirements that the Debtor continue to conduct the business of the Debtor, the allowed secured claims of PNC not exceed $1,333,000.00, and the allowed secured claim of Wells Fargo not exceed $1,900,000.00.

4.      The Funding Agreement creates more questions and concerns than it answers and appears to be a sham created to avoid the absolute priority rule.  For example:

- The equity interest being sold is in an entity that does not exist until the Plan is confirmed.  As such, even if PNC (or any other creditor) were to bid, it would have no real control of the Debtor during the bankruptcy case, and while the Plan cannot be amended without the "investors'" consent, PNC would have no control as to what amendments to the Plan would be proposed.

- No operating agreement was provided with the Funding Agreement.  As such, it is unclear what rights a bidder would have with respect to its equity interests in the newly formed entity.  The Plan also states that Budinger Windmill LLC shall remain the manager of the Debtor post-confirmation and, thus, the Sheives would remain in control of the Debtor as reorganized.  To underline this point, Debtor's

counsel has confirmed by a telephone call with PNC's counsel that Budinger Windmill LLC **will remain manager** even if the Sheives are not the winning bidder.

- The time to determine whether or not to bid is cut impossibly short.  This Court's Scheduling Order does not require the solicitation package to be served until fourteen (14) days after the entry of the Scheduling Order.  This is the same date that the initial deposits are due under the Funding Agreement.  As of the date and time of this Objection was filed, no certificate of service with respect to the Plan and Disclosure Statement has been filed.  As a result, it is unclear if creditors or interested parties are even aware of the equity auction and the bidding procedure is clearly designed to prevent third-party bidding.

- The Funding Agreement does not allow for credit bidding.

- Section 8(e) of the Funding Agreement specifically states no due diligence shall be allowed.

5.     Taking all of the above into account, it is unclear as to why any party-in-interest other than Sheive's would be willing to bid on the equity ownership interest in the to be created entity, particularly in light of the Sheives intention to remain in control even if they are not the winning bidders at the auction.  To be clear, PNC objects to the Funding Agreement and the transaction it proposes.  The fact that PNC has not submitted a bid should not be interpreted as a waiver of any right to object to the Funding Agreement[1] and the result of any equity auction as part of its Plan objection, and PNC reserves and asserts all rights with respect to the same,

---

[1]  Indeed, if PNC submitted a bid, arguably the Debtor could argue PNC was endorsing the Plan – a position PNC clearly does not hold.

including reserving its right to object to the Plan based on the Debtor's failure to comply with the absolute priority rule.

        Dated: November 1, 2013.

                                                  /s/ James A. Timko
                                                  JAMES A. TIMKO, ESQ.
                                                  SHUTTS & BOWEN LLP
                                                  Florida Bar No. 088858
                                                  300 S. Orange Avenue, Suite 1000
                                                  Orlando, Florida 32801
                                                  Telephone: (407) 423-3200
                                                  Fax: (407) 425-8316
                                                  Email: JTimko@shutts.com
                                                  *Attorneys for PNC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed a copy of the foregoing document with this Court's CM/ECF System to be served in accordance therewith and that a copy of the foregoing document was served on this 1st day of November, 2013, on the following parties by either Court enabled electronic filing or by depositing a copy of same in the United States Mail, postage pre-paid thereon, to be delivered to the addresses set forth below:

**Budinger Windmill Trust**  
117 Broadway, Suite B  
Kissimmee, Florida 34741  
*Debtor*

**Kenneth D. Herron, Jr.**  
1851 West Colonial Drive  
Orlando, Florida 32804  
*Attorney for Debtor*

**Timothy S. Laffredi**  
United States Trustee - ORL  
Office of the United States Trustee  
George C. Young Federal Building  
400 West Washington Street, Suite 1100  
Orlando, Florida 32801

*/s/ James A. Timko*
JAMES A. TIMKO, ESQ.

ORLDOCS 13169802 1

5