UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

BUDINGER WINDMILL TRUST,   Case No.: 6:13-bk-09907-KSJ
                                                                Chapter 11

      Debtor
_____/

## DEBTOR'S AMENDED PLAN OF REORGANIZATION, DATED 2/7/2014

ARTICLE I
SUMMARY

This Amended Plan of Reorganization, Dated 2/7/2014 (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Budinger Windmill Trust (the "Debtor").

This Plan provides for seven (7) classes of secured claims; one (1) class of unsecured claims; and one (1) class of equity security holders. This Plan also provides for the payment of administrative and priority claims to the extent permitted by the Code or the claimant's agreement.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders is being served contemporaneously with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

Class 1.   The claim of Wells Fargo Bank, National Association as evidenced by proof of claim number 7 and the documents attached thereto

Class 2.   The claim of Gary Verdier

Class 3.   The claim of the Osceola County, Florida Tax Collector, to the extent allowed as a secured claim under §506 of the Code against the Debtor's interest in that portion of 1401 Budinger having parcel identification number ending in 10010 for 2013 real estate taxes

Class 4.   The claim of the Osceola County, Florida Tax Collector, to the extent allowed as a secured claim under §506 of the Code against the Debtor's interest in that portion of 1401 Budinger having parcel identification number ending in 10020 for 2013 real estate taxes

Class 5.   The claim of the Osceola County, Florida Tax Collector, to the extent allowed as a secured claim under §506 of the Code against the Debtor's interest in 1525 Budinger for 2013 real estate taxes

Class 6.   The claim of the Osceola County, Florida Tax Collector, to the extent allowed as a secured claim under §506 of the Code against the Debtor's interest in 2468 Smith Street for 2013 real estate taxes

Class 7.   The claim of the Osceola County, Florida Tax Collector, to the extent allowed as a secured claim under §506 of the Code against the Debtor's interest in 2425 Pleasant Hill Road for 2013 real estate taxes

Class 8.   All unsecured claims allowed under § 502 of the Code

Class 9.   Equity interests of the Debtor

ARTICLE III
TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified claims.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  Each holder of a priority tax claim will receive on account of such claim regular monthly payments in cash of a total value, as of the Effective Date, equal to the allowed amount of such claim over a period commencing thirty (30) days after the Effective Date and ending not later than 5 years after the date of the order for relief.

3.04    United States Trustee Fees.  All fees required to be paid by 28 U. S. C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date will be paid on the Effective Date.

ARTICLE IV
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class1 – the claim of Wells Fargo Bank, National Association (the "Wells Fargo Claim") | Yes | This claim is for the amounts due to Wells Fargo Bank, National Association ("Wells Fargo") under the loan documents attached to proof of claim number 7-1 (the "Wells Loan Documents"), including that certain promissory note dated January 23, 2013 in the principal amount of $1,822,299.47 issued by The Land Trust Agreement dated May 1, 1997 in favor of Wells Fargo (the "Wells Note"). *Lien*: All amounts due on the Wells Fargo Claim shall be secured to the same extent and priority that the amounts were secured prepetition, including, but not limited to a mortgage on the Windmill Point property (as defined below). *Loan Documentation and Payment of the Claim:* The Wells Fargo Claim shall be paid on the same terms as the Wells Note and Wells |

3

| | | |
|---|---|---|
| | | Loan Documents and shall be evidenced by new or revised loan documents at Wells Fargo's discretion and in a form acceptable to Wells Fargo, which shall contain the same terms as the Wells Note and Wells Loan Documents, except to the extent Wells Fargo consents otherwise or as otherwise provided expressly in this Plan, and any mortgages or other security agreements previously executed in favor of Wells Fargo to secure the amounts due under the Wells Note shall retain their original date of perfection and priority. In addition:<br><br>a. Wells Fargo shall add to the Wells Fargo Claim an amount equal to the attorney's fees and costs expended in this case, which amount shall not exceed $20,000.00 but shall not be less than $14,489.30;<br>b. The maturity date shall be extended to February 15, 2017; and<br>c. To the extent that the Debtor is converted to an LLC pursuant to the terms of Article VII below or any of the collateral for the claim is transferred to another entity, namely, Windmill Point, LLC, then any new or revised loan documents shall be executed by that LLC and/or separate entity.<br>d. To the extent not waived by operation of § 1146, Debtor and/or Windmill, LLC, shall be responsible for all taxes incurred by either Wells Fargo or the Debtor and/or Windmill, LLC, on account of the obligations revised, restated, recorded, or otherwise arising through this Plan. |
| Class 2 – Claim of Gary Verdier (the "Verdier Claim") | Yes | The Verdier Claim is for the amounts previously due to PNC Bank, National Association as evidenced by proof of claim numbers 8, 9, 10 and 11 and the loan documents attached thereto. In December, 2013, Gary Verdier purchased from and was assigned all rights of PNC Bank, National Association under the proofs of claim and loan documents.<br><br>*Claim Amount:* The total amount of the Verdier Claim is $2,212,631.81.<br><br>*Collateral:* The Verdier Claim is secured by security interests in various assets owned by the Debtor, including mortgages on 1410 Budinger, 1525 Budinger and 2468 Smith Street.<br><br>*Value of Collateral and Amount of Allowed Secured Claim:* The Debtor and Verdier have agreed that the value of the collateral that secures the Verdier claims is $1,700,000.00 and therefore that Verdier has an Allowed Secured Claim of $1,700,000.00. The balance of the Verdier claim shall be treated as an unsecured claim |

4

| | | |
|---|---|---|
| | | under Class 8.<br><br>*Retention of Lien:* The holder of the Verdier Claim shall retain all prepetition liens, to the extent of the Allowed Secured Claim, including mortgages against 1401 Budinger, 1525 Budinger and 2468 Smith Street.<br><br>*Loan Documentation and Payment of the Claim:* The Debtor shall execute such loan documents as requested by the holder of the Verdier Claim, including but not limited to a revised, amended, consolidated or restated promissory note and a mortgage modification agreement, which shall provide for the payment of the Allowed Secured Claim on the following terms:<br><br> *Interest:* The Allowed Secured Claim shall accrue interest at the rate of 4.5% per anum (or such other rate as is agreed to by the Debtor and the holder of the Verdier Claim);<br><br> *Payments*: The Debtor shall make monthly payments of interest commencing on the 1st day of the month following the Effective Date and continuing on the first date of each month thereafter.<br><br> *Maturity:* All unpaid amounts shall be due and payable (balloon) one year from the date of the first payment.<br><br>The Debtor and Gary Verdier anticipated that the Verdier claim will be paid in full by the maturity date by the Debtor either obtaining alternative/replacement financing or through the sale of some or all of 1401 Budinger, 1525 Budinger and 2468 Smith Street. |
| Class 3 – Secured claim of Osceola County, Florida Tax Collector, for 2013 real estate taxes on that portion of 1401 Budinger having parcel identification number ending in 10010 | No | This Plain leaves unaltered the legal, equitable, and contractual rights to which the holder of the claim is entitled, including, but not limited to the following:<br><br>*Lien*: The holder of the claim will retain the lien securing the claim as provided by Florida law.<br><br>*Relief from Stay*: The holder of the claim shall be entitled to relief from the automatic stay so that it can advertise and sell any tax certificate in accordance with Florida Statutes §197.432.<br><br>*Interest*: The claim shall accrue interest at the rate prescribed by 11 U. S. C. §511 and Fla. Stat. §197.172. |

5

| | | |
|---|---|---|
| Class 4 – Secured claim of Osceola County, Florida Tax Collector, for 2013 real estate taxes on that portion of 1401 Budinger having parcel identification number ending in 10020 | No | This Plain leaves unaltered the legal, equitable, and contractual rights to which the holder of the claim is entitled, including, but not limited to the following:<br><br>*Lien*:  The holder of the claim will retain the lien securing the claim as provided by Florida law.<br><br>*Relief from Stay*:  The holder of the claim shall be entitled to relief from the automatic stay so that it can advertise and sell any tax certificate in accordance with Florida Statutes §197.432.<br><br>*Interest*:  The claim shall accrue interest at the rate prescribed by 11 U. S. C. §511 and Fla. Stat. §197.172. |
| Class 5 – Secured claim of Osceola County, Florida Tax Collector, for 2013 real estate taxes on 1525 Budinger | No | This Plain leaves unaltered the legal, equitable, and contractual rights to which the holder of the claim is entitled, including, but not limited to the following:<br><br>*Lien*:  The holder of the claim will retain the lien securing the claim as provided by Florida law.<br><br>*Relief from Stay*:  The holder of the claim shall be entitled to relief from the automatic stay so that it can advertise and sell any tax certificate in accordance with Florida Statutes §197.432.<br><br>*Interest*:  The claim shall accrue interest at the rate prescribed by 11 U. S. C. §511 and Fla. Stat. §197.172. |
| Class 6 – Secured claim of Osceola County, Florida Tax Collector, for 2013 real estate taxes on 2468 Smith Street | No | This Plain leaves unaltered the legal, equitable, and contractual rights to which the holder of the claim is entitled, including, but not limited to the following:<br><br>*Lien*:  The holder of the claim will retain the lien securing the claim as provided by Florida law.<br><br>*Relief from Stay*:  The holder of the claim shall be entitled to relief from the automatic stay so that it can advertise and sell any tax certificate in accordance with Florida Statutes §197.432.<br><br>*Interest*:  The claim shall accrue interest at the rate prescribed by 11 U. S. C. §511 and Fla. Stat. §197.172. |

| | | |
|---|---|---|
| Class 7 – Secured claim of Osceola County, Florida Tax Collector, for 2013 real estate taxes on Windmill Point | No | This Plain leaves unaltered the legal, equitable, and contractual rights to which the holder of the claim is entitled, including, but not limited to the following:<br><br>*Lien*: The holder of the claim will retain the lien securing the claim as provided by Florida law.<br><br>*Relief from Stay*: The holder of the claim shall be entitled to relief from the automatic stay so that it can advertise and sell any tax certificate in accordance with Florida Statutes §197.432.<br><br>*Interest*: The claim shall accrue interest at the rate prescribed by 11 U. S. C. §511 and Fla. Stat. §197.172. |
| Class 8 - Allowed Unsecured Creditors | Yes | $5,000.00 will be paid to holders of Allowed Unsecured Claims on a pro rata basis. |
| Class 9 - Equity Security Holders of the Debtor | No | This Plan leaves unaltered the legal, equitable, and contractual rights to which the holder(s) of interests are entitled, except to the extent that the current beneficiaries of the Debtor as a trust will receive ownership of units of the two limited liability companies formed by this Plan and successor to the Debtor in proportion to the current holder's proportional interest as beneficiary. |

ARTICLE V
ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

7

5.04    Minimum Distribution Amount.  Notwithstanding any other provision of this Plan, there shall be no distribution of less than $20.00 on account of any Allowed Claim or Interest.

ARTICLE VI
PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| MBT Homes<br>117B Broadway<br>Kissimmee, FL 34741 | Leasing and property maintenance 4% of gross rent collected, paid annually |
| Stadium Place Administration<br>117 Broadway, Suite B<br>Kissimmee, FL 34741 | Property management and financial accounting 4% of gross rent collected, paid annually |
|  | All liability, property and casualty insurance policies in effect that have not expired as of the Effective Date |
| Various – See Exhibit "1" | Leases of non-residential real property, where the Debtor is the Landlord |

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the entry of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

ARTICLE VII
MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan will be implemented as follows:

7.01   Funding and Implementation of the Plan.  The distributions required under this Plan will be funded from the following sources:

    a.   cash on hand and on deposit; and

    b.   revenues from future operations of the Debtor's business.

7.02   Conversion of Debtor to a Florida Limited Liability Company.  Pursuant to Fla. Stat. §608.439(1), the Debtor shall convert from a land trust organized under Fla. Stat. §689.071 to two Florida Limited Liability Companies organized under Fla. Stat. Chapter 608 usingthe names "Windmill Point, LLC" and "Budinger, LLC".

7.03   Amendment to Articles of Organization and Operating Agreement.  The Articles of Organization and the Operating Agreements of the Windmill Point, LLC, and Budinger, LLC, shall contain provisions consistent with the Plan and Bankruptcy Code.

7.04   Managers of the LLCs.  The manager of Budinger, LLC, and Windmill Point, LLC, shall be Randy Sheive who shall not receive any compensation for his service as manager.

7.05   Retention and Re-Titling or Transfer of Assets.  Pursuant to the provisions providing for the conversion of the Debtor to LLCs the  the Debtor will transfer the Windmill Point property to Windmill Point, LLC, (b)  Windmill Point, LLC and/or the Debtor will also execute various loan documents in favor of Wells Fargo, (c) the Debtor will transfer the 1401 Budinger, 1525 Budinger and/or 2468 Smith Street properties to Budinger, LLC, (d) the Debtor and/or Budinger, LLC will execute various loan documents in favor of Gary Verdier, and (e) within one (1) year of the Effective Date, Budinger, LLC  will either sell (transfer) the 1401 Budinger, 1525 Budinger and/or 2468 Smith Street properties to a third party and payoff the Verdier Claim or Budinger, LLC will obtain financing from a third party and payoff the Verdier Claim

7.06   11 U. S. C. §1146(a) and Loan Modification or Transfer Documents.  Pursuant to 11 U. S. C. §1146(a), if the Plan is confirmed, the issuance, making or delivery of any loan documents, including but not limited to, the issuance of any notes, any amended notes, any consolidated notes or restated notes, any mortgages, mortgage modifications, security agreements or UCC-1 Financing Statements, by the Debtor, Windmill Point, LLC, or Budinger, LLC, in favor of Wells Fargo or relating to the Verdier Claim shall  not be taxed under any law imposing a stamp tax, intangible tax, or

20406786 v1

similar tax.

Pursuant to 11 U. S. C. §1146(a), if the Plan is confirmed, the delivery of a deed, or any other instrument of transfer executed and delivered by the Debtor or Windmill Point LLC, or Budinger, LLC, that is contemplated under this Plan shall not be taxed under any law imposing a stamp tax, intangible tax, or similar tax.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

(a)    **Pro Rata Share** shall mean with respect to any Distribution, a distribution equal in amount to the ratio (expressed as a percentage) that the amount of such Allowed Claim bears to the aggregate amount of all Allowed Claims in its Class.

(b)    **1401 Budinger** means the real property owned by the Debtor which has the legal description listed in Exhibit "2"

(c)    **1525 Budinger** means the real property owned by the Debtor which has the legal description listed on Exhibit "3

(d)    **2468 Smith Street** means the real property owned by the Debtor which has the legal description listed on Exhibit "4"

(e)    **Windmill Point** means the real property owned by the Debtor which has the legal description listed on Exhibit "5"

8.02    <u>Effective Date of Plan</u>.  **Effective Date** means the first business day following the date that is thirty (30) days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    <u>Severability</u>.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

20406786 v1

      8.04    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      8.05    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

ARTICLE IX
<u>DISCHARGE</u>

      On the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in §1141(d)(1)(A) of the Code.  The Debtor will not be discharged from any debt imposed by this Plan.

***/s/ Kenneth D. Herron, Jr.***
Kenneth D. (Chip) Herron, Jr.
Florida Bar No. 699403
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Dr.
Orlando, FL 32804
Telephone: (407) 648-0058
Fax: (407) 648-0681
Email: kherron@whmh.com

*Attorneys for Budinger Windmill Trust*

# Exhibit 1

| Property Address | Primary Tenant | Monthly Rent Amount | Lease Start Date | Lease End Date |
|---|---|---|---|---|
| 2425-2427 Pleasant Hill Rd | Jacquiline Matos | $ 2,050.00 | 09/01/08 | MM |
| 2429 Pleasant Hill Rd | Maldonado, Nayra | $ 1,946.88 | 12/01/11 | 11/30/13 |
| 2431 Pleasant Hill Rd | UZ Mobile Inc | $ 2,429.91 | 09/01/10 | MM |
| 2433 Pleasant Hill Rd | Poinciana Supermarket Inc | $ 11,766.65 | 09/15/09 | 09/30/14 |
| 2435 Pleasant Hill Rd | MJ&T of Kissimmee, LLC | $ 1,856.25 | 08/01/09 | MM |
| 2437 Pleasant Hill Rd | Torres, Julio | $ 1,800.00 | 07/01/13 | 06/30/15 |
| 2439 Pleasant Hill Rd | Esperanza Delacaridad Noboa | $ 1,100.00 | 12/01/10 | MM |
| 2441 Pleasant Hill Rd | John Anthony Natale | $ 832.00 | 02/01/13 | 01/31/15 |
|  |  | $ 23,781.69 |  |  |
|  |  |  |  |  |
| 1401 Budinger Bldg - Suite A | Stewart Approved Title, Inc | $ 3,616.93 | 01/01/08 | MM |
| 1401 Budinger Bldg - Suite B | Goodwin Realty and Associates, Inc. | $ 2,184.00 | 03/01/12 | 02/28/14 |
| 1401 Budinger Bldg - Suite C | Gammons, Gary | $ 350.00 | 12/15/12 | 12/31/13 |
| 1401 Budinger Bldg - Suite D |  | $ - |  |  |
| 1401 Budinger Bldg - Suite E | Draper, Charlie | $ 900.00 | 04/01/13 | 03/31/15 |
| 1401 Budinger Bldg - Suite F | Brown, Adams | $ 360.00 | 03/01/12 | MM |
| 1401 Budinger Bldg - Suite G |  | $ - |  |  |
| 1401 Budinger Bldg - Suite H-I |  | $ - |  |  |
| 1401 Budinger Bldg - Suite I |  | $ - |  |  |
| 1401 Budinger Bldg - Suite J |  | $ - |  |  |
|  |  | $ 7,410.93 |  |  |
|  |  |  |  |  |
| Smith Street | Florida Armature Works, Inc. and German Garcia | $ 1,000.00 | 09/01/09 | MM |
| Smith Street |  | $ - |  |  |
|  |  |  |  |  |
| 1525 Budinger Building - 15 | St. Cloud Hospital | $ 3,173.33 | 06/01/11 | 05/31/14 |
| 1525 Budinger Building - 15 | Osceola Regional Hospital | $ 2,666.67 | 06/01/11 | 05/31/14 |
| 1525 Budinger Building - 15 | Orlando Regional Healthcare System | $ 4,000.00 | 06/01/11 | 05/31/14 |
|  |  | $ 9,840.00 |  |  |
|  |  |  |  |  |
|  | **Totals** | **$ 41,032.62** |  |  |

# Exhibit 2

**1401 BUDINGER**:

**Legal Description**:

UNIT 1, 1401 BUDINGER OFFICE CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM SET FORTH IN O. R. BOOK 927, PAGE 336, AND AS SHOWN IN CONDOMINIUM EXHIBIT BOOK 2, PAGE 135, PUBLIC RECORDS OF OSCEOLA COUNTY, FLORIDA, TOGETHER WITH THE UNDIVIDED INTEREST IN THE COMMON ELEMENTS ATTACHING THERETO ACCORDING TO THE AFOREMENTIONED DECLARATION.

UNIT 2, 1401 BUDINGER OFFICE CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 927, PAGE 336, AND AS SHOWN IN CONDOMINIUM EXHIBIT BOOK 2, PAGE 135, PUBLIC RECORDS OF OSCEOLA COUNTY, FLORIDA, TOGETHER WITH THE COMMON ELEMENTS ATTACHING THERETO.

**Street Address:** 1401 Budinger, Ave.

**Parcel ID:** PARCEL ID: 10-26-30-0026-0001-0010
              PARCEL ID: 10-26-30-0026-0001-0020

# Exhibit 3

**1525 BUDINGER:**

**Legal Description:**

> LOTS 13 THROUGH 24 BLOCK 319, TOWN OF ST CLOUD ACCORDING TO MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK B PAGE 33 AND 34 OF THE PUBLIC RECORDS OF OSCEOLA COUNTY, FLORIDA.

**Street Address:** 1525 Budinger Ave.

**Parcel ID:** 01-26-30-0001-0319-0130

# Exhibit 4

**2468 SMITH**

**Legal Description:**

LOTS 6, 7 AND WEST ½ OF LOT 8, BLOCK 6, W.E. ALLEN SUBDIVISION, AND VACATED 15.0 FEET ALLY LYING SOUTH OF LOTS 6, 7 AND WEST ½ OF LOT 8, BLOCK 6, W.E. ALLEN SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF, AS RECORDED IN PLAT BOOK 1, PAGE 83 OF THE PUBLIC RECORDS OF OSCEOLA COUNTY, FLORIDA, TOGETHER WITH AND SUBJECT TO A NON-EXCLUSIVE EASEMENT OF INGRESS/EGRESS, PARKING, SEWER, WATER AND RETENTION ON THE SOUTH 17.0 FEET AND THE NORTH 65.0 FEET OF LOTS 6-10 OF BLOCK 6, WEST ALLEN SUBDIVISION, PLAT BOOK 1, PAGE 83 OF THE PUBLIC RECORDS OF OSCEOLA COUNTY, FLORIDA.

**Street Address: 2468 Smith Street**

**Parcel ID:** 15-25-29-2530-6-0060

# Exhibit 5

**Windmill Point:**

**Legal Description:**

>Tracts A and B (Commercial Tracts) WINDMILL POINT UNIT 1, according to the Plat thereof, as recorded in Plat Book 7, Pages 124 through 127, Public Records of Osceola County, Florida.

Street Address: 2425 Pleasant Hill Road

**Parcel ID:** 17-26-29-5550-001-00A0
            17-26-29-5550-001-00B0